UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILBERTO JUAREZ,

          Petitioner,

    v.

PRISON'S CEO; *et al.*,

          Respondents.
_____/

No. C-13-0386 EMC (pr)

**ORDER OF DISMISSAL**

      Petitioner, a prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed this civil action using a form petition for writ of habeas corpus for state courts. The petition is largely incoherent; those parts of it that can be understood appear to (1) challenge Petitioner's 1995 conviction from Santa Clara County Superior Court, (2) complain about a federal court clerk's failure to comply with a judge's order, and (3) complain about the resolution of his earlier actions in federal court.

      Petitioner's challenge to his 1995 conviction is **DISMISSED** because he has not obtained permission from the Ninth Circuit to file a new petition challenging his conviction. Petitioner's earlier habeas petition, *Juarez v. Director of Corrections*, No. C 05-019 RMW, was dismissed as barred by the statute of limitations. As the Court explained in the order of dismissal in *Juarez v. Prison's CEO*, No. 12-2855 EMC, Petitioner cannot file a new action challenging the 1995 conviction unless and until he obtains from the Ninth Circuit authorizing this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(a).

      Petitioner's claim that a deputy clerk in this Court failed to comply with Judge Ronald Whyte's order is **DISMISSED** for failure to state a claim upon which relief may be granted.

Petitioner purports to assert the claim under 5 U.S.C. § 552(a), the Freedom of Information Act ("FOIA"). FOIA generally is limited to agencies of the executive branch of the federal government, and does not include federal courts. *See* 5 U.S.C. § 551(1)(B); *Warth v. Dep't of Justice*, 595 F.2d 521, 523 (9th Cir. 1979); *see also United States v. Miramontez*, 995 F.2d 56, 59 n.3 (5th Cir. 1993) (federal courts expressly excluded from definition of "agency"). The allegation that the deputy clerk's conduct violated FOIA is meritless because FOIA does not apply to her. Construing the claim to be a claim under 42 U.S.C. § 1983 would not help Petitioner. A court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws" of the United States, the violation of which is an essential element of a § 1983 action. *See Green v. McKaskle*, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights).

The petition contains a confusing series of allegations about the resolution of several of Petitioner's earlier cases filed in this Court. A litigant who is dissatisfied about the resolution of his case may file an appeal, but cannot simply file a new action in the district court to complain about the outcome in the earlier case. *Cf. Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief against a bankruptcy court or the district court . . . would be to permit, in effect, a 'horizontal appeal' from one district court to another" that would be improper).

Finally, it appears that Petitioner wants to assert a FOIA claim. A petition for writ of habeas corpus is not the appropriate way to assert a FOIA claim. Petitioner may file a new civil action asserting a FOIA claim, which he must prepare on his own as the court does not have a form FOIA complaint to send him. Petitioner is cautioned that FOIA does not apply to state agencies. *See St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981). He may wish to pursue any rights he has under the California Public Records Act, *see* Cal. Gov't Code § 6250 et seq., with regard to records held by state agencies.

///

///

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED**. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 3.) The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: April 2, 2013

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California